NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0831n.06

Case No. 15-1024

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Dec 23, 2015

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| BONNIE OWENS, et al., | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| FEDERAL NATIONAL MORTGAGE | ) | |
| ASSOCIATION, d/b/a FANNIE MAE, | ) | |
| | ) | |
| Defendant-Appellee. | ) | O P I N I O N |

BEFORE: BATCHELDER, McKEAGUE, and STRANCH, Circuit Judges.

PER CURIAM. Appellants Bonnie and Lucille Owens[1] defaulted on their mortgage loan. Wells Fargo Bank, N.A., commenced foreclosure by advertisement pursuant to Mich. Comp. Laws § 600.3201 *et seq.* The property was sold at a sheriff's sale to Wells Fargo and was later transferred to Appellee Federal National Mortgage Association (Fannie Mae). After Fannie Mae filed a summary proceeding to obtain possession of the property, Bonnie Owens filed a counter-complaint against Fannie Mae, asserting claims for negligence, unconstitutional deprivation of property,[2] wrongful foreclosure in violation of Mich. Comp. Laws § 600.3201 *et seq.*, discrimination under the Fair Housing Act, and exemplary damages. The case was removed to federal court, and Fannie Mae moved to dismiss Owens' claims. The district court

_____

[1] Although Lucille Owens is a named plaintiff, she passed away on January 13, 2013.

[2] The parties stipulated to dismissing Owens' constitutional claim with prejudice.

referred the motion to a magistrate judge, who issued a Report and Recommendation (R&R) recommending that the motion to dismiss be granted.  The district court adopted the R&R and, after responding to Owens' objections, dismissed her claims.

We review a district court's order dismissing a claim under Rule 12(b)(6) *de novo*. *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 457 (6th Cir. 2013).  To the extent that Owens argues she was not in default, she failed to raise this argument in any of her pleadings before the district court, and we decline to address arguments first raised on appeal.  *Overstreet v. Lexington-Fayette Urban Cty Gov't*, 305 F.3d 566, 578 (6th Cir. 2002).  Moreover, the record indicates Owens missed several payments following her loan modification and that she clearly was in default.  Owens' remaining arguments are meritless and are fairly and adequately addressed in the district court's order adopting the R&R.[3]  To issue another opinion reiterating the analysis would be duplicative and is unnecessary.  Accordingly, we **AFFIRM**.

---

[3] Not only were the claims correctly addressed below, but we have also affirmed the dismissal of nearly identical claims and arguments—brought by Owens' counsel—twice. *See Campbell v. Nationstar Mortg.*, 611 Fed. App'x 288 (6th Cir. 2015); *Bernard v. Fed. Nat'l Mortg. Ass'n*, 587 Fed. App'x 266 (6th Cir. 2014).